UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Case No. 26-cv-____ (____/____)

UNITED STATES OF AMERICA,

    Plaintiff,

v.

659 CARTONS OF RZ INDUSTRIES
N95 MASKS BEARING
UNAUTHORIZED NIOSH MARKS,

    Defendant

## VERIFIED COMPLAINT FOR FORFEITURE *IN REM*

The plaintiff, United States of America, through its attorneys Daniel N. Rosen, United States Attorney for the District of Minnesota, and Craig R. Baune, Assistant United States Attorney, in a civil cause of action for forfeiture, alleges as follows in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure:

### NATURE OF THE ACTION

1. This is an action to forfeit and condemn to the use and benefit of the United States of America 659 cartons of RZ Industries N95 masks bearing unauthorized NIOSH marks under 19 U.S.C. §§ 1526(e) and 1595a(c)(2)(C).

### THE DEFENDANT *IN REM*

2. The defendant *in rem* is 659 cartons of RZ Industries N95 masks bearing unauthorized NIOSH marks (the "Defendant Property") seized by the United States Customs and Border Protection ("CBP") at the Minneapolis-St. Paul International Airport on May 5, 2021. The Defendant Property was imported to the United States

by RZ Industries and has an appraised value of $593,100. The Defendant Property is in the custody of CBP.

## JURISDICTION AND VENUE

3. Plaintiff brings this action *in rem* to forfeit and condemn the Defendant Property. This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345 and over an action for forfeiture under 28 U.S.C. § 1355(a).

4. This Court has *in rem* jurisdiction over the Defendant Property under 28 U.S.C. § 1355(b). Upon the filing of this Complaint, the Plaintiff requests that the Clerk of Court issue an arrest warrant *in rem* pursuant to Supplemental Rule G(3)(b)(i), which the Plaintiff will execute upon the Defendant Property pursuant to 28 U.S.C. § 1355(d) and Supplemental Rule G(3)(c).

5. Venue is proper in the District of Minnesota pursuant to 28 U.S.C. § 1355(b)(1) because acts or omissions giving rise to the forfeiture occurred in this District, and pursuant to 28 U.S.C. § 1395 because the Defendant Property is located in this District.

## FACTS

6. RZ Industries ("RZ"), a Minnesota-based mask retailer, ordered the Defendant Property from a Chinese manufacturer, Guangzhou Harley Commodity Co. ("Guangzhou Harley").

7. The Defendant Property imported from China and entered at the Minneapolis-St. Paul International Airport on or about February 19, 2021.

8. The masks themselves and their packaging bore the "NIOSH" certification mark. NIOSH stands for National Institute for Occupational Safety and Health, a component agency of the federal Centers for Disease Control and Prevention.

9. The NIOSH certification mark is registered with the U.S. Patent and Trademark Office ("PTO") (registration no. 6190024), recorded with CBP (recordation number TMK 20-01074), and covers "air-purifying particulate respirators and respiratory protective devices."

10. Per the U.S. PTO registration, the NIOSH certification mark, "as used by certified respirator manufacturers, certifies that the respiratory protective devices have satisfied the specific requirements for construction, performance, and respiratory protection test results set forth in Title 42, Code of Federal Regulations, Part 84."

11. CBP examined the Defendant Property on April 12, 2021. On April 12, 2021, CBP sent photographs of the masks and their packaging to NIOSH representatives.

12. NIOSH responded that the shipment of masks did not conform to the approval as issued to Guangzhou Harley. Guangzhou Harley failed to obtain NIOSH authorization for a private label arrangement with RZ, resulting in a misuse of the NIOSH certification mark on the masks and packaging.

13. CBP formally detained the shipment of masks on April 14, 2021, and officially seized the Defendant Property on May 5, 2021, for a violation of 19 U.S.C.

§ 1526(e), which prohibits importation of goods bearing counterfeit marks without consent of the mark owner.

14. CBP appraised the Defendant Property at a domestic value of $593,100.

15. On or about June 28, 2021, CBP Minneapolis's Fines, Penalties, and Forfeitures Office ("FP&F") sent notices of seizure and election of proceedings forms regarding the seizure to RZ Industries and the broker for the mask shipment, Flexport Customs LLC. The seizure notices informed the parties that, among other options, they could file an administrative petition seeking remission of the forfeiture.

16. On or about July 7, 2021, RZ Industries submitted an administrative petition to FP&F, providing statements from Guangzhou Harley that RZ Industries was authorized to sell the masks manufactured by Guangzhou Harley and that the masks were authentic.

17. On March 14, 2022, while the petition was still under CBP consideration, NIOSH contacted FP&F and stated that NIOSH investigated Guangzhou Harley and, as a result of that investigation, Guangzhou Harley conceded that the masks were non-conforming and consented to their destruction. NIOSH agreed with destruction of the masks.

18. Following an inquiry from FP&F, on June 7, 2022, RZ Industries submitted an abandonment form, abandoning its interest in the masks.

19. No other party has expressed an interest in the masks.

## BASES FOR FORFEITURE

### COUNT 1:
### 19 U.S.C. § 1526(e)

20. The allegations in the preceding paragraphs are realleged and incorporated by reference.

21. 19 U.S.C. § 1526(e) states, "Any such merchandise bearing a counterfeit mark (within the meaning of section 1127 of Title 15) imported into the United States in violation of the provisions of section 1124 of Title 15, shall be seized and, in the absence of the written consent of the trademark owner, forfeited for violations of the customs laws."

22. Forfeiture authority under 19 U.S.C. § 1526(e) extends to certification marks. *See, e.g.*, *Acadia Tech, Inc. v. United States*, 65 Fed. Cl. 425 (2005).

23. The Defendant Property is merchandise bearing a counterfeit mark within the meaning of 15 U.S.C. § 1127—specifically, NIOSH's certification mark.

24. The Defendant Property was imported into the United States in violation of 15 U.S.C. § 1124 because it bore a counterfeit and unauthorized mark.

25. The Defendant Property is therefore subject to seizure and forfeiture to the United States under 19 U.S.C. § 1526(e).

### COUNT 2:
### 19 U.S.C. § 1595a(c)(2)(C)

26. The allegations in the preceding paragraphs are realleged and incorporated by reference.

27. 19 U.S.C. § 1595a(c)(2)(C) provides for seizing and forfeiting imported merchandise if "it is merchandise or packaging in which copyright, trademark, or trade name protection violations are involved."

28. The Defendant Property is merchandise in which trademark protection violations are involved—specifically, the Defendant Property was imported in violation of 15 U.S.C. §§ 1124, 1125, and/or 1127.

29. The Defendant Property is therefore subject to seizure and forfeiture to the United States under 19 U.S.C. § 1595a(c)(2)(C).

## CLAIMS FOR RELIEF

30. The plaintiff requests that the Court issue a warrant for the arrest and seizure of the Defendant *in rem*, and that notice of this action be given to all persons who reasonably appear to be potential claimants of interests in the Defendant Property.

31. Plaintiff further requests that the Defendant *in rem* be forfeited and condemned to the United States of America, that the plaintiff be awarded its costs and disbursements in this action, and for such other and further relief as this Court deems proper and just.

Dated: 2/17/2026  DANIEL N. ROSEN
United States Attorney

*s/Craig Baune*
BY: CRAIG R. BAUNE
Assistant U.S. Attorney
Attorney ID No. 331727
600 United States Courthouse
300 South Fourth Street
Minneapolis, MN 55415
Phone: 612-664-5600
craig.baune@usdoj.gov

Attorneys for Plaintiff United States of America

## VERIFICATION

I, David Hudgens, verify and declare under penalty of perjury as follows:

I am and have been a Special Agent for the Department of Homeland Security since May 2007. I have read the foregoing Verified Complaint *In Rem* and know the contents thereof, and the matters contained in the Verified Complaint are true to my own knowledge, except that those matters not within my knowledge are alleged on information and belief, and I believe those matters to be true.

The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States, information provided to me by other law enforcement agencies and officers, and information I have learned by reviewing reports prepared by other law enforcement agencies and officers, as well as my investigation of this case, together with others, as a Special Agent for the Department of Homeland Security.

I hereby verify and declare under penalty of perjury that the foregoing is true and correct.

Dated: February 17, 2026

                                          *s/David Hudgens*
                                          DAVID HUDGENS
                                          Special Agent
                                          U.S. Department of Homeland Security